UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO BRIDGES,

    Petitioner,                                                    Civil Action No. 09-CV-13852

v.                                                        HON. BERNARD A. FRIEDMAN

HUGH WOLFENBARGER,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR
A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

        Petitioner Antonio Bridges, a state inmate currently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the constitutionality of his no-contest-plea conviction for assault with intent to commit a felony, MICH. COMP. LAWS § 750.87. Petitioner also challenges his guilty-plea conviction for violating the terms of his probation. For the reasons stated below, the court shall dismiss the petition without prejudice.

        On April 29, 2004, petitioner pled no contest to a charge of assault with intent to commit a felony in Ingham County Circuit Court; he was later sentenced to time served and five years' probation. On September 1, 2004, petitioner pled guilty to violating the terms of his probation for failing a blood alcohol test. On September 15, 2004, the trial court sentenced petitioner to 21 to 120 months' imprisonment. This is the second habeas action petitioner has filed challenging his confinement for these convictions. In the first, petitioner raised the following four issues:

        1. Ineffective assistance of appellate counsel for failure to file timely application for leave to appeal.

>2. Invalid sentencing due to a) improper judicial fact finding and b) inaccurate PSI.
>
>3. Involuntary no contest plea because trial judge coerced the plea.
>
>4. Involuntary plea to probation violation for failure of court to inform him of maximum sentence that could be imposed before accepting plea.

This court conditionally granted the first petition on the ineffective assistance of appellate counsel claim on August 13, 2009. *See Bridges v. Berghuis*, No. 06-10566, 2009 WL 2488098 (E.D. Mich. Aug. 13, 2009). Petitioner was granted a new appeal in the state courts. *See id.*, 2009 WL 2488098, at *7. The court did not rule on the merits of the other three claims. As part of the remedy, petitioner's three other claims were "unexhausted" so that the state courts would have the first opportunity to rule on them in the re-instituted appeal. *See id.*

In the instant petition, petitioner raises these three "unexhausted" claims. Exhaustion of state court remedies is required before a state prisoner may bring a habeas petition in federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A federal court is barred from granting habeas relief if a potential state remedy still exists. *See Wagner v. Smith*, ___ F.3d ___, 2009 WL 3029654, at *2 (6th Cir. 2009) (citing 28 U.S.C. § 2254(b)(1)(B)); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted [state court remedies] if he has the right under the law of the State to raise, by any available procedure, the question presented."). Here, petitioner acknowledges that his new state court appeal, No. 293606, is currently pending. Petitioner is free to raise the claims he raises here in the new appeal and therefore he has a state remedy available to him. Because the claims raised in this new petition are unexhausted, the court will dismiss the petition without prejudice. Petitioner will be free to file a petition that includes the issues raised in the re-instituted state direct appellate proceedings once such proceedings conclude.

*See In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006).  Accordingly,

        IT IS ORDERED that the petition in this matter for a writ of habeas corpus is dismissed without prejudice.

                        S/Bernard A. Friedman
                        Bernard A. Friedman
                        United States District Judge

Dated:  October 23, 2009

I hereby certify that a copy of the foregoing document was served upon Antonio Bridges and counsel of record on October 23, 2009, by electronic and/or ordinary mail.

                        S/Carol Mullins
                        Case Manager